```
Frank J. Coughlin  SBN 164811
COUGHLIN & CONFORTI
600 W. Santa Ana Blvd., Suite 500
Santa Ana, CA  92701
(714)835-5681 FAX-(714)835-6176

Attorney for Plaintiffs
RICHARD WALKER, CHRIS OLHAUSEN
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| RICHARD WALKER, as an individual; CHRIS OLHAUSEN, as an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CROWN SHEET METAL, a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. SACV 02-1174GLT(MLGx)<br><br>Hon. Gary L. Taylor<br>Courtroom 10-D<br><br>**NOTICE OF STIPULATION FOR DISMISSAL; [PROPOSED] ORDER** |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

### INTRODUCTION

This class action matter was filed by Plaintiffs for recovery of unpaid overtime wages on their behalf and

1  behalf of any other similarly situated employees, pursuant
2  to 29 U.S.C. 216(b) (FLSA). Under the FLSA, a person who
3  is not individually named in the complaint is not a party
4  to the lawsuit unless he/she affirmatively "opts in" by
5  filing a written consent with the court. Generally see
6  Schmidt v. Fuller Brush Co., 527 F.2d 532, 536 (8th Cir.
7  1975); LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286,
8  289 (5th Cir. 1975). Only the Plaintiffs are individually
9  named in the complaint, and no other person has opted in.

10  Consistent with local rules, the parties have met, and
11  discussed the merits, settlement and legal issues involved
12  in this matter. After such meeting, and upon further
13  investigation, Plaintiffs no longer believe that this
14  matter is proper for class certification because the
15  potential class is limited to about two other employees
16  employed by Defendant, who would have worked in the same
17  position and under the same circumstances. Accordingly,
18  given the small number of potential class members (four)
19  Plaintiffs no longer contend that there is a sufficient
20  number of persons to justify class certification.

22  Further following the early meeting process, the
23  parties reached a full and final settlement of the named

Plaintiffs' claims for unpaid overtime wages under Fair Labor Standards Action.

The parties have settled their claims as set forth in a confidential settlement agreement (the "Agreement"). The Agreement can be made available for the Court's <u>in camera</u> review if the Court so requests, with the parties' respectful request that the Agreement will not be made part of the record in this matter, unless necessary by the court to enforce the terms of the Agreement in the event of default.

## **STIPULATION TO DISMISSAL**

The parties, through the their counsel, stipulate to dismissal with prejudice of the entire action by Plaintiffs against Defendant provided that the court expressly retain jurisdiction of the Agreement and that any breach of the Agreement constitutes of breach of the court's order, creating ancillary jurisdiction to enforce the Agreement pursuant to <u>Kokkonen v. Guardian Life Ins. Co. of America</u> 511 U.S. 375, 381 (1994).

**IT IS SO STIPULATED:**

3

STIPULATION FOR DISMISSAL; [PROPOSED] ORDER

COUGHLIN & CONFORTI

Dated: 5/12/03 _____
Frank J. Coughlin
For Plaintiffs

SHEPPARD, MULLIN, RICHTER & HAMPTON

Dated: 5-12-03 _____
Greg S. Labate
For Defendant

[PROPOSED] ORDER
Walker v. Crown Sheet Metal
SAV02-1174GLT(MLGx)

The Court has reviewed the Stipulation of the parties by their counsel, and good cause appearing,

**IT IS ORDERED** that:

This action is dismissed with prejudice in its entirety;

This Court expressly retains jurisdiction of the Agreement, which shall remain confidential and not part of

-4-

STIPULATION FOR DISMISSAL; [PROPOSED] ORDER

the record in this action, unless needed by the court to enforce the terms of the Agreement in the event of default.

Any breach of the Agreement constitutes of breach of this Court's order, creating ancillary jurisdiction to enforce the Agreement pursuant to Kokkonen v. Guardian Life Ins. Co. of America 511 U.S. 375, 381 (1994).

**IT IS SO ORDERED.**

Dated: May 21, 2003

_____
Hon. Gary L. Taylor, Judge
United States District Court

5

STIPULATION FOR DISMISSAL; [PROPOSED] ORDER

**PROOF OF SERVICE**
(Declaration)
(C.C.P. § 1013(a) and §2015.5)

STATE OF CALIFORNIA ⎱
⎰ ss.
COUNTY OF ORANGE ⎰

I, the undersigned, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 600 W. Santa Ana Blvd., Suite 500, Santa Ana, California 92701.

On May 19, 2003, I served the following documents:

**NOTICE OF STIPULATION FOR DISMISSAL; (PROPOSED) ORDER**

On the interested parties in the action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope, addressed as follows:

Greg Labate
Sheppard, Mullin, Ritcher & Hampton
650 Town Center Dr. 4th Floor
Costa Mesa, CA 92626-1952

☐ **By Mail:** I am readily familiar with Law Offices Coughlin & Conforti's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Santa Ana, California.

☐ **By Personal Service:** I delivered such document(s) by hand to the above address(es).

☐ **By Overnight Courier:** I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express) for delivery to the above address(es).

☒ **By Facsimile Machine:** I caused the above-referenced document(s) to be transmitted to the above-named persons at the following telephone number(s):714-513-5130. Attached to this declaration is a "FAX Confirmation Report" confirming the status of transmission.

Executed on May 19, 2003, at Santa Ana, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.



Donna Hergenrother

- 1 -